## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY E. MANUEL,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GRACE MANUEL BOWMAN,** | : | **NO. 18-1136** |
| **Defendant.** | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                          **MARCH 20 , 2018**

Plaintiff Gary E. Manuel, proceeding *pro se*, has filed this civil action against Grace Manuel Bowman. He has also filed a motion to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Manuel leave to proceed *in forma pauperis*, dismiss his Complaint, and provide leave to amend.

## I.     FACTS

Mr. Manuel's Complaint consists of 69 pages, many of which include photographs of his family members, a copy of a greeting card, and a partial copy of a newspaper article. Many of the pages also include recitations of various federal laws. From the manner in which the Complaint has been pled, it is difficult for the Court to discern the exact nature of Mr. Manuel's claims. It appears that he is upset over Ms. Bowman's handling of his deceased uncle's estate and believes that she wrongfully withheld his full inheritance from him. He asserts that Ms. Bowman's actions have violated 18 U.S.C. § 241, 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Federal Tort Claims Act ("FTCA"), the Fair Housing Act, and the Americans with Disabilities Act ("ADA"). As relief,

Mr. Manuel seeks, *inter alia*, damages and a personal protective order to stop Ms. Bowman from "assault[ing], beating, molesting, wounding, or stalking" him. (Compl. at 67.)

## II.    STANDARD OF REVIEW

The Court will grant Mr. Manuel leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Mr. Manuel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

2

## III. DISCUSSION

### A. Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure

As an initial matter, Mr. Manuel's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As noted above, Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Id.* Instead of setting forth his claims in a clear fashion, Mr. Manuel has interspersed them with copies of photographs and greeting cards as well as statements of various federal laws. No defendant could be expected to meaningfully respond to Mr. Manuel's pleading without having to guess at his claims. Although the Complaint could be dismissed on that basis alone, the Court has done its best to understand the gist of Mr. Manuel's allegations and will address his claims below.

### B. Claims Under 18 U.S.C. § 241

As noted above, Mr. Manuel vaguely contends that Ms. Bowman has violated 18 U.S.C. § 241. However, criminal statutes do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."); *see also Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (per curiam) (noting that § 241 does not "create[] a civil case of action"). Thus, Mr. Manuel's claims pursuant to § 241 will be dismissed.

### C. Claims Under 42 U.S.C. § 1981

Mr. Manuel also alleges that Ms. Bowman has violated his rights under 42 U.S.C. § 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same
> right in every State and Territory to make and enforce contracts, to sue, be parties,

give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (quoting *Yelverton v. Lehman*, No. Civ. A. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd mem.*, 175 F.3d 1012 (3d Cir. 1999)) (alterations in original). Nothing in Mr. Manuel's Complaint, however, indicates that Ms. Bowman discriminated against him on the basis of race concerning one of the activities set forth above. Accordingly, the Complaint, as pled, fails to state a claim pursuant to § 1981.

### D.     Claims Under 42 U.S.C. § 1983

Mr. Manuel vaguely raises claims pursuant to 42 U.S.C. § 1983, asserting that Ms. Bowman's actions have violated his rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments. However, he cannot maintain a claim against Ms. Bowman pursuant to § 1983 because nothing in the Complaint suggests that she is a state actor. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Accordingly, Mr. Manuel's § 1983 claims will be dismissed.

### E.     Claims Under 42 U.S.C. § 1985

Ms. Manuel alleges that Ms. Bowman's actions have violated 42 U.S.C. § 1985(3). "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated

4

by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). Although Mr. Manuel vaguely alleges that Ms. Bowman and other unknown individuals have conspired against him, he fails to allege the type of race- or class-based discrimination that is required to state a claim under § 1985(3). Therefore, the Court will dismiss Mr. Manuel's § 1985(3) claim as well.

### F.    Claims Under 42 U.S.C. § 1986

Mr. Manuel also asserts claims against Ms. Bowman pursuant to 42 U.S.C. § 1986. That section provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or

refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id.* As discussed above, however, Mr. Manuel has failed to allege the existence of a § 1985 conspiracy. Thus, he cannot maintain a § 1986 claim against Ms. Bowman.

## G. Claims Under the RICO Act

The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 492 (3d Cir. 2000)). Nothing in the Complaint provides a plausible basis for concluding that Mr. Manuel suffered injury to business or property that would give him standing to raise a RICO claim. *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest"). His failure to allege such an injury is also fatal to his RICO conspiracy claims. *Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 229 (3d Cir. 2007) ("A plaintiff alleging a civil RICO violation under *either* § 1962(c) or (d) must plead a cognizable injury to 'business or property' under § 1964(c)."). Thus, Mr. Manuel's RICO claims will also be dismissed.

## H. Claims Under the FTCA

The FTCA partially waives the federal government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). While the United States is the only proper defendant in an FTCA action, *see Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 228 (3d Cir. 2012) (per curiam) ("[T]he FTCA authorizes suits only against the United States itself, not individual defendants or agencies."), nothing in the Complaint alleges that Ms. Bowman is a federal employee who was acting within the scope of her employment when she allegedly denied Mr. Manuel his inheritance from his uncle's estate. Accordingly, Mr. Manuel's FTCA claims will also be dismissed.

## I.      Claims Under the Fair Housing Act

Mr. Manuel further contends that Ms. Bowman has violated the Fair Housing Act, citing to 42 U.S.C. §§ 3605 and 3617 in support of his claim. Section 3605 states that it is unlawful "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. §3605(a). Section 3617 prohibits coercion, intimidation, threats against or interference with any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act. *See generally* 42 U.S.C. § 3617. Nothing in Mr. Manuel's Complaint suggests that Ms. Bowman is in the business of engaging in residential real estate transactions or that she discriminated against him in the course of such a transaction. Moreover, nothing suggests that she interfered in any way with Mr. Manuel's ability to exercise his rights under the Fair Housing Act. Accordingly, these claims will be dismissed.

## J.    Claims Under the ADA

Finally, Mr. Manuel suggests that Ms. Bowman violated Title II of the ADA, as well as the ADA's anti-retaliation provisions. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, Ms. Bowman, as an individual, is not a public entity within the meaning of Title II and is therefore not subject to suit. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (individuals are not subject to liability under "Titles I or II of the ADA, which prohibit discrimination by employers and public entities respectively").

The ADA also prohibits discrimination against individuals who have "opposed any act or practice made unlawful" under the ADA, or who have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the ADA. 42 U.S.C. § 12203(a). However, Mr. Manuel's ADA retaliation claim against Ms. Bowman is not viable because the ADA does not, by itself, provide for individual liability for retaliation. *See Douris v. Schweiker*, 229 F. Supp. 2d 391, 396-97 (E.D. Pa. 2002). Moreover, because Ms. Bowman is not a state actor for purposes of § 1983, Mr. Manuel "may not avail [himself] of § 1983 to bring a claim against [Ms. Bowman] for any violation of rights under the ADA." *P.N. v. Greco*, 282 F. Supp. 2d 221, 243 (D.N.J. 2003). Thus, Mr. Manuel's ADA claims against Ms. Bowman are also subject to dismissal.

In deference to Mr. Manuel's *pro se* status, the Court will give him leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that he can cure the defects noted above. Any amended complaint shall be a complete

8

document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the basis for Mr. Manuel's claims against each defendant. If Mr. Manuel fails to file an amended complaint, his case may be dismissed without prejudice for failure to prosecute without further notice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mr. Manuel's motion to proceed *in forma pauperis* and will dismiss his Complaint. This dismissal is without prejudice to Mr. Manuel's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.