# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GARY E. MANUEL, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GRACE MANUEL BOWMAN, | : | NO. 18-1136 |
| Defendant. | : | |

## MEMORANDUM

SLOMSKY, J.                                                                                                                            MARCH 29, 2018

On March 16, 2018, Gary E. Manuel, proceeding *pro se*, filed a Complaint against Grace Manuel Bowman as well as a motion to proceed *in forma pauperis*. By Memorandum and Order entered on March 20, 2018, the Court granted Mr. Manuel leave to proceed *in forma pauperis*, dismissed his Complaint, and provided leave to file an amended complaint within thirty (30) days. *Manuel v. Bowman*, No. 18-1136, 2018 WL 1403888, at *4 (E.D. Pa. Mar. 20, 2018). Specifically, the Court dismissed Mr. Manuel's Complaint for the following reasons: (1) failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and (2) failure to state claims under 18 U.S.C. § 241, 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the RICO statute, the Federal Tort Claims Act, the Fair Housing Act, and the Americans with Disabilities Act ("ADA"). *Id.* at *2-4. On March 27, 2018, the Court received Mr. Manuel's Amended Complaint. (ECF No. 5.) For the following reasons, the Court will dismiss the Amended Complaint.

## I. FACTS

In his Amended Complaint, Mr. Manuel contends that Ms. Bowman "treated [him differently] because of [his] disability, discriminated upon [him] by cutting [him] out of [his] fair part of [his deceased] uncle's estate stopping [him] from getting a fair part of [his] inheritance."

1

(Am. Compl. at 1.) He alleges that Ms. Bowman and other unknown individuals "conspired to conduct or participate, directly or indirectly to deprive [him] of life, liberty an[d] property." (*Id.* at 2.) Mr. Manuel also vaguely asserts that Ms. Bowman is a landlord who "run[s] a business or property rentals," therefore making her a "privat[e] [entity]." (*Id.*) He argues that Ms. Bowman's actions have violated the ADA as well as 42 U.S.C. § 1981 and the Fifth and Fourteenth Amendments. (*Id.* at 2-5.) As relief, he seeks, *inter alia*, damages and an injunction to stop Ms. Bowman from "harass[ing], assault[ing], beating, molesting, wounding, or stalking" him. (*Id.* at 5-6.)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Mr. Manuel leave to proceed *in forma pauperis*. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is required to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Mr. Manuel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Under 42 U.S.C. § 1981

Mr. Manuel again alleges that Ms. Bowman's actions have violated his rights under 42 U.S.C. § 1981, which provides:

2

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). As the Court previously informed Mr. Manuel, to state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (quoting *Yelverton v. Lehman*, No. Civ. A. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd mem.*, 175 F.3d 1012 (3d Cir. 1999)) (alterations in original). Once again, however, nothing in the Amended Complaint indicates that Ms. Bowman discriminated against him on the basis of race concerning one of the activities set forth above. Accordingly, the Amended Complaint, as pled, still fails to state a claim pursuant to § 1981.

### B. Claims Under 42 U.S.C. § 1983

Mr. Manuel appears to again vaguely raise claims pursuant to 42 U.S.C. § 1983, asserting that Ms. Bowman's actions violated his rights under the Fifth and Fourteenth Amendments. As the Court previously informed Mr. Manuel, he cannot maintain a § 1983 claim against Ms. Bowman because she is not a state actor. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Accordingly, Mr. Manuel's § 1983 claims will be dismissed.

### C. Claims Under the ADA

Finally, Mr. Manuel again suggests that Ms. Bowman violated Titles II and III of the ADA, as well as the ADA's anti-retaliation provisions. Title II provides that "no qualified

individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Mr. Manuel argues that Ms. Bowman is a public entity because she is a landlord who manages property rentals. (Am. Compl. at 2.) However, nothing in the Complaint suggests that Ms. Bowman has discriminated against Mr. Manuel based upon his disabilities in connection with her services as a landlord. Rather, Mr. Manuel is upset because he believes that Ms. Bowman has withheld a portion of his inheritance from him. Accordingly, Mr. Bowman's Title II ADA claim will be dismissed.[1]

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Section 12182(7) defines public accommodations for purposes of Title III, and landlords are not included in that definition. Moreover, Mr. Manuel fails to suggest that he was deprived of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of a public accommodation. Accordingly, his Title III ADA claim will be dismissed.

The ADA also prohibits discrimination against individuals who have "opposed any act or practice made unlawful" under the ADA, or who have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the ADA. 42 U.S.C. § 12203(a). However, Mr. Manuel's ADA retaliation claim against Ms. Bowman is not

---

[1] Mr. Manuel did not re-assert his Fair Housing Act claim in his Amended Complaint. In any event, nothing in the Amended Complaint suggests that Ms. Bowman discriminated against him in the course of a residential real estate transaction or interfered in any way with his ability to exercise his rights under the Fair Housing Act. *See* 42 U.S.C. §§ 3605(a), 3617.

viable because the ADA does not, by itself, provide for individual liability for retaliation. *See Douris v. Schweiker*, 229 F. Supp. 2d 391, 396-97 (E.D. Pa. 2002). Moreover, because Ms. Bowman is not a state actor for purposes of § 1983, Mr. Manuel "may not avail [himself] of § 1983 to bring a claim against [Ms. Bowman] for any violation of rights under the ADA." *P.N. v. Greco*, 282 F. Supp. 2d 221, 243 (D.N.J. 2003). Thus, Mr. Manuel's ADA retaliation claim against Ms. Bowman is also subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Manuel's Amended Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will not provide leave to file a second amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.